UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TRIMLESS-FLASHLESS DESIGN,
INCORPORATED,

         *Plaintiff-Appellant,*

v.

THOMAS & BETTS CORPORATION;
AUGAT, INCORPORATED; TYCO
INTERNATIONAL LIMITED; TYCO
INTERNATIONAL INCORPORATED; TYCO
ELECTRONICS CORPORATION,

         *Defendants-Appellees.*

No. 01-2183

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-245-A)

Argued: April 5, 2002

Decided: May 10, 2002

Before NIEMEYER and KING, Circuit Judges, and
James H. MICHAEL, Jr., Senior United States District Judge
for the Western District of Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** John C. Janka, NIRO, SCAVONE, HALLER & NIRO,
Chicago, Illinois, for Appellant. Jonathan Park Graham, WILLIAMS

& CONNOLLY, L.L.P., Washington, D.C., for Appellees. **ON BRIEF:** Raymond P. Niro, Paul K. Vickrey, Sally J. Wiggins, NIRO, SCAVONE, HALLER & NIRO, Chicago, Illinois, for Appellant. John G. Kester, Matthew J. Herrington, Jonathan M. Landy, WILLIAMS & CONNOLLY, L.L.P., Washington, D.C., for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Trimless-Flashless Designs Inc. ("TFD") brought suit against defendants Thomas and Betts Corporation, Tyco International, Ltd., Tyco Electronics Corporation, and Augat, Inc. (collectively "Augat"), in the Eastern District of Virginia, for misappropriation of trade secrets and breach of contract. The jury found in Augat's favor on the trade secret count and in TFD's favor on the contract claims, awarding TFD damages. *Trimless-Flashless Design, Inc. v. Thomas & Betts Corp.*, Order, No. 00-245-A (E.D. Va. September 13, 2001). The district court then entered judgement as a matter of law on behalf of Augat. TFD appeals, and we possess jurisdiction pursuant to 28 U.S.C. § 1291. Finding no error, we affirm.

I.

Augat is a subsidiary of Thomas and Betts Corporation, which was recently acquired by Tyco. Augat is in the business of producing "metallized particle interconnect" ("MPI") devices, which conduct electricity and are used to connect chips to circuit boards in personal computers. TFD designs and develops molds, tooling, rubber and plastic formulae, and processes for customers in the rubber, plastics, and other industries.

In October 1995, Augat and TFD entered into a product development relationship contemplating the development of "prototype and

production molds" to assist in the commercial manufacture of MPI devices. On October 23, 1995, Augat and TFD executed a "Proprietary and Nondisclosure Agreement" ("1995 NDA") barring Augat from disclosing or using confidential information belonging to TFD. J.A. at 3286. Soon thereafter, TFD sent price quotations for its molds to Augat, and Augat signed and submitted several purchase orders to TFD based on the quoted prices. On August 22, 1996, TFD and Augat signed a "Draft Outline Agreement" ("1996 Agreement") that established a broader business relationship between the parties, explicitly referencing and incorporating the 1995 NDA and providing a number of other terms. J.A. at 3281. The 1996 Agreement was "effective unless and until replaced." *Id.*

In 1997, Augat, dissatisfied with TFD's work, ceased purchasing from TFD and contracted with a new mold manufacturer. A functional, commercially successful MPI product was eventually developed. However, in December 1999, TFD sued Augat for misappropriation of trade secrets and breach of the 1995 and 1996 agreements. TFD asserts that, during the process of developing the MPI mold for Augat, it disclosed substantial quantities of proprietary and confidential information to Augat in reliance on the 1995 NDA. TFD claims that Augat used this proprietary information in the production of the devices it now produces in conjunction with another mold manufacturer.

On June 11, 2001, a jury returned a defense verdict on TFD's trade secret claim but found for TFD on its breach of contract claims, awarding $10,466,500 in damages. However, on September 13, 2001, the district court entered judgement for the defendants as a matter of law on both contract claims. In granting Augat judgement as a matter of law on the 1996 Agreement claim, the district court concluded that (1) Augat never consented to litigate any alleged breach of that agreement, and (2) because TFD had strenuously argued earlier in the litigation that the 1996 Agreement was unenforceable,[1] it would be "prejudicial and unjust" to allow TFD now to recover for the breach of that agreement. *See Trimless-Flashless Design, Inc. v. Thomas & Betts Corp.*, Memorandum Opinion at 15, No. 00-245-A (E.D. Va.

---

[1] This argument was made in an effort to defeat Augat's motion to compel arbitration under the 1996 Agreement's arbitration clause.

September 13, 2001) (the "Opinion"). Judgement as a matter of law was granted to Augat on TFD's claim under the 1995 Nondisclosure Agreement because (1) TFD failed to prove that the molds allegedly copied by Augat utilized TFD's proprietary information, and (2) Augat's purchase orders, agreed to by TFD, specifically assigned ownership of the subject "molds, tools, and dies" to Augat. Opinion at 19-26.

## II.

TFD contends that the district court erred in entering judgement as a matter of law for the defendants on TFD's breach of contract claims, arguing that Augat in fact "consented" to litigation of the claim for breach of the 1996 Agreement and, with regard to the claim under the 1995 NDA, that the assignment clause in Augat's purchase orders was "boilerplate fine print" insufficient to supersede the parties' bargained-for agreements. In addition, TFD claims that it is entitled to a new trial on its misappropriation of trade secret claim because the district court instructed the jury that, under Massachusetts law,[2] "[f]or information to be a trade secret, it must be put to continuous use in the plaintiff's business." J.A. at 2563. TFD argues that this instruction is, in fact, contrary to Massachusetts law.

Having had the benefit of oral argument and the parties' briefs, we agree with the district court's decision to award judgement as a matter of law on behalf of the defendants. In addition, we conclude that the district court correctly instructed the jury with regard to Massachusetts trade secret law. Accordingly, we affirm on the reasoning of the district court.

*AFFIRMED*

---

[2]Section 6.4 of the 1996 Agreement provides for the application of Massachusetts law. J.A. at 3284.